9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
STATE OF WASHINGTON, et al., Defendants,
and
26 Upland and Tideland Private Property Owners, Dan Buehler,
Robert L. Davis, Bruce I. Fielding, et al.,
Intervenors-Appellants.
 No. 93-35324.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 30, 1993.
Decided Nov. 2, 1993.
 
 Before: WALLACE, BOOCHEVER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A group of twenty-six Tideland and Upland Property Owners (the Property Owners) moved to intervene in a sub-proceeding in United States v. Washington. The district court denied the motion. The Property Owners appealed. We reverse and remand to the district court.
 
 PROCEEDINGS
 
 3
 In September 1970 the United States as trustee for several Indian tribes brought suit against the State of Washington seeking a declaratory judgment and injunctive relief in relation to rights secured to the tribes by treaties with the United States. In the course of the long ensuing litigation, sixteen Indian tribes with reservations on Puget Sound were permitted to bring a sub-proceeding seeking a right to harvest shellfish on all tidelands in western Washington, together with the right of access to the tidelands over upland property.
 
 
 4
 The district court permitted the intervention in the shellfish suit by forty-two Puget Sound commercial shellfish growers and by two owners of tideland property, Carter and Oldham, represented by title companies. The Puget Sound shellfish growers moved to compel joinder of all private tideland owners as necessary and indispensable parties. This motion was denied by the district court.
 
 
 5
 On April 23, 1991 the Property Owners made their motion to intervene in the case. On January 27, 1993 the district court ruled from the bench, denying this motion on the ground that Carter and Oldham adequately represented the Property Owners. The district court stated: "They appear to share identical interests with the applicant intervenors and can adequately represent the position of the applicants for intervention."
 
 
 6
 The Property Owners appeal.
 
 ANALYSIS
 
 7
 The tidelands and uplands affected by the shellfish suit are broadly dispersed throughout Puget Sound. The property of Carter and Oldham is adjacent to the reservation of one of the tribes but is not close to the reservations of the other tribes seeking redress in the shellfish suit. Carter and Oldham are not in a position to raise defenses that may be available to the Property Owners in other parts of Puget Sound, in particular defenses that may be made on the basis of the alleged extinguishment of the claims of particular tribes or on the basis that a particular tribe is able to make a moderate living from its fishing rights. Washington v. Washington State Commercial Passenger Vessel Association, 443 U.S. 658, 686-687 (1979). Consequently, Carter and Oldham cannot be said to represent adequately the position of the Property Owners.
 
 
 8
 Opposing the appeal, the sixteen tribes argue that this court can affirm the district court on the basis that the State of Washington adequately represents the property owners. We decline to do so because the district court did not rule on the proposition, and the record is not developed as to the relation of the State of Washington's interests as they overlap or do not overlap with those of the Property Owners.
 
 
 9
 On remand it will be open to the district court, if it so chooses, to take evidence as to the coincidence of interest between the state and the Property Owners and also the extent to which the Property Owners' interests overlap among themselves. To the extent that the Property Owners represent distinct interests, either as to tidelands or uplands or as to other land in relation to particular Indian tribes, involving different relevant treaty rights or the ability to make a moderate living, each of the Property Owners should be admitted as an intervenor, unless the district court finds that the state does, in fact, adequately represent all Property Owners as to their particular interests in shellfish rights and access over their property.
 
 
 10
 We note the concession made in open court before us by counsel for the Property Owners that they will not delay the trial if they are admitted as intervenors.
 
 
 11
 REVERSED and REMANDED for consideration in accordance with this disposition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3